UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RAY CAPLINGER,

  Plaintiff,                                  CASE NO.:

-VS-

ALLY FINANCIAL INC. and
AMERICAN SUZUKI FINANCIAL
SERVICES COMPANY LLC.,

  Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, RAY CAPLINGER, by and through the undersigned counsel, and sues Defendants, ALLY FINANCIAL INC., and AMERICAN SUZUKI FINANCIAL SERVICES COMPANY LLC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like ALLY FINANCIAL INC. and AMERICAN SUZUKI FINANCIAL SERVICES COMPANY LLC., from invading American citizens' privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at

night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

4. "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious. Most members of the public want to limit calls, especially cellphone calls, to family and acquaintances, and to get their political information (not to mention their advertisements) [*6] in other ways." *Patriotic Veterans v. Zoeller*, No. 16-2059, 2017 U.S. App. LEXIS 47, at *5-6 (7th Cir. Jan 3, 2017).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See

*Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8. The alleged violations described herein occurred in Shelby County, Tennessee. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Tennessee, residing in Memphis, Shelby, Tennessee.

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Defendant, ALLY FINANCIAL INC. (hereinafter "Ally") is a corporation which was formed in Delaware with its principal place of business located at 500 Woodward Ave FL 10, Detroit, MI 48226, doing business in the State of Tennessee through its registered agent, CT Corporation System, located at 800 S Gay St Ste 2021., Knoxville, TN, 37929.

12. Defendant, AMERICAN SUZUKI FINANCIAL SERVICES COMPANY LLC (hereinafter "American Suzuki") is a corporation with its principal place of business located at 7159 Corkland Dr, Jacksonville, FL 32258, and which conducts business in the State of Tennessee through its registered agent, CT Corporation System, located at 800 S Gay St Ste 2021., Knoxville, TN, 37929.

13. Plaintiff was/is the regular user and carrier of the cellular telephone numbers at issue, (904) *** - 2452, and (901) *** - 1803, and was the called party and recipient of Defendants' hereinafter described calls.

14.     In or about November of 2013, Ally initiated its campaign of automated telephone calls to the Plaintiff on his aforementioned cellular telephone. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (855) 856-2559 and (844) 421-2593 and when those numbers are called, a pre-recorded message answers "Thank you for calling Ally Financial. We are trying to collect the amount our records indicate you owe us now. Any information we obtain will be used for this purpose. Please hold for the next available agent. Your call may be monitored and/or recorded for quality purposes."

15.     In or about November of 2013, American Suzuki initiated its campaign of automated telephone calls to the Plaintiff on his aforementioned cellular telephone. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (855) 306-6940 and (888) 803-3174 and when those numbers are called, a pre-recorded message answers "Hello and welcome to American Suzuki Financial Services. Para asistencia en Español, por favor oprima el dos. You can also visit us twenty four hours a day online at www.Suzukiss.com for must account inquires. Please enter your account number or social security number followed by the pound key, to re-enter your information, press the star key."

16.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number(s) from Ally were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he

knew it was an autodialer because of the vast number of calls he received, and because when he answered a call from the Defendant he would hear a pre-recorded message stating the call was from Ally Financial, and to please hold the line for the next available representative.

17. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number(s) from American Suzuki were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because when he answered a call from the Defendant he would hear a pre-recorded message stating the call was from American Suzuki Financial Services, and to please hold the line for the next available representative.

18. Furthermore, some or all of the calls at issue were placed by Ally and American Suzuki using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

19. None of Ally or American Suzuki telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

20. Ally and American Suzuki attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

21. In or about June of 2015, Plaintiff received a call from the Ally, met with an extended pause, eventually was connected to a live representative, and informed that agent/representative of Defendant that he was not late on his payment, that they were calling

5

before the due date, and demanded that the Defendant cease placing calls to his aforementioned cellular telephone number.

22. During the aforementioned phone conversation in or about June of 2015 with Ally's agent/representative, Plaintiff unequivocally revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

23. Each subsequent call from Ally and American Suzuki made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

24. Each subsequent call from Ally and American Suzuki made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

25. Additionally, in or about July of 2016, due to continued automated calls to his aforementioned cellular telephone number from Ally, Plaintiff again received a call from Ally, met with an extended pause, was eventually connected to a live agent/representative of Defendant, and informed the agent/representative of Defendant that he had previously informed them not to call his cellular phone, and again demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

26. Again, on or about September 27, 2016, due to the continued automated calls to his aforementioned cellular telephone number from Ally, Plaintiff answered a call from Ally, met with an extended pause, was eventually connected to a live agent/representative of Ally, and demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

27. Despite actual knowledge of their wrongdoing, Ally and American Suzuki continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express

consent Ally and American Suzuki may have had to call his aforementioned cellular telephone number.

28. On at least six (6) separate occasions, Plaintiff has either answered a call from Ally and American Suzuki or returned a call to Defendants regarding his account, held the line to be connected to a live representative, and demanded that Defendants cease placing calls to his aforementioned cellular telephone number. His principal reason for answering these calls and making these demands of Ally and American Suzuki was the cumulative injury and annoyance he suffered from the calls placed by Ally and American Suzuki. These injuries are further described in paragraphs 33 through 46 herein.

29. Each of the Plaintiff's requests for the harassment to end was ignored.

30. From about June of 2015 through the filing of this Complaint, Ally has placed approximately five hundred (500) actionable calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing a non-exclusive call log of sixteen (16) calls from September 8, 2016 through November 23, 2016).

31. From about June of 2015 through the filing of this Complaint, American Suzuki has placed approximately five hundred (500) actionable calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "B"** representing a non-exclusive call log of thirty-two (32) calls from September 16, 2016 through November 21, 2016).

32. Ally intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

33. From each and every call placed without express consent by Ally to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

34. From each and every call without express consent placed by Ally to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's calls.

35. From each and every call placed without express consent by Ally to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

36. Each and every call placed without express consent by Ally to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go through the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

37. Each and every call placed without express consent by Ally to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

38. Each and every call placed without express consent by Ally to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

39. As a cumulative result of Ally's campaign of unlawful calls to Plaintiff's aforementioned cellular telephone number, Plaintiff suffered the injuries of annoyance, intimidation, and emotional distress.

40. From each and every call placed without consent by American Suzuki to the Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

41. From each and every call placed without consent by American Suzuki to the Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the cellular telephone unavailable for legitimate callers or outgoing calls while the phone was ringing from American Suzuki's call.

42. From each and every call placed without consent by American Suzuki to the Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time.  For calls he answered, the time he spent on the call was unnecessary.  Even for unanswered calls, the Plaintiff had to waste time to deal with missed call notifications and call logs that reflected the unwanted calls.  This also impaired the usefulness of these features of the Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

43. Each and every call placed without consent by American Suzuki to the Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff.  For calls that were answered, the Plaintiff had to go through the unnecessary trouble of answering them.  Even for unanswered calls, the Plaintiff had to address the missed calls notifications and call logs reflecting the unwanted calls.  This also impaired the usefulness of these features of the Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

44. Each and every call placed without consent by American Suzuki to the Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

45. Each and every call placed without consent by American Suzuki to the Plaintiff's cell phone resulted in the injury of a trespass to the Plaintiff's chattel, namely his cellular phone and his cellular phone services.

46. As a cumulative result of American Suzuki's campaign of unlawful calls to Plaintiff's aforementioned cellular telephone number, Plaintiff suffered the injuries of annoyance, intimidation, and emotional distress.

47. Ally and American Suzuki's have corporate policies structured so as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendants they do not wish to be called.

48. Ally and American Suzuki's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendants' call list.

49. Ally and American Suzuki have numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

50. Ally and American Suzuki have numerous complaints against them across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

51. Ally and American Suzuki have had numerous complaints against them from consumers across the country asking to not be called; however, Defendants continue to call these individuals.

52. Ally and American Suzuki violated the TCPA with respect to the Plaintiff.

53. Ally and American Suzuki willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
## ALLY FINANCIAL INC.
### (Violation of the TCPA)

54. Plaintiff realleges and incorporates paragraphs one (1) through thirty-nine (39) and forty-seven (47) through fifty-three (53) above as if fully set forth herein.

55. Defendant, Ally, willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to stop.

56. Defendant, Ally, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Ally Financial Inc. for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
## AMERICAN SUZUKI FINANCIAL SERVICES COMPANY LLC.
### (Violation of the TCPA)

57. Plaintiff realleges and incorporates paragraphs one (1) through thirty-one (31) and forty (40) through fifty-three (53) above as if fully set forth herein.

58. Defendant, American Suzuki, willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after

Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to stop.

59. Defendant, American Suzuki, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against American Suzuki Financial Services Company LLC. for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

Respectfully Submitted,

*s/Mark Lambert*
Mark A. Lambert, Esquire (TNB: 22509)
Morgan & Morgan
40 S. Main Street, Suite 2600
One Commerce Square
Memphis, Tennessee 38103
(901) 217-7000 phone
(901) 333-1897 fax
mlambert@forthepeople.com
*Attorney for Plaintiff*

*And*

s/*Shaughn C. Hill*
Shaughn C. Hill, Esquire
Florida Bar No.: 105998
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Shill@ForThePeople.com
JSherwood@ForThePeople.com
*Attorney for Plaintiff*
(Application for PHV to be filed)